MERIDIAN MUTUAL INSURANCE COMPANY, Plaintiff-Respondent,

v.

Randall SMITH and Becky Smith, Defendants,

Douglas BROWN and Leticia Brown, Defendants-Appellants,†

FORT ATKINSON MEMORIAL HEALTH SERVICES, Defendant.

Court of Appeals

No. 97–3777. *Submitted on briefs August 7, 1998.586Decided September 3, 1998.*

(Also reported in 585 N.W.2d 837.)

†Petition to review denied.

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Dean M. Horwitz* and *Hope K. Olson* of *Previant, Goldberg, Uelmen, Gratz, Miller & Brueggeman, S.C.* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James W. Mohr, Jr.* of *Mohr & Anderson, S.C.* of Hartford.

Before Dykman, P.J., Vergeront and Deininger, JJ.

DYKMAN, P.J.    Randall and Becky Smith appeal from an order granting summary judgment in favor of their insurers, Meridian Mutual Insurance Company

(Meridian). The trial court concluded that the language of their insurance policy does not cover Randall Smith for any claims arising out of an automobile accident that occurred on August 7, 1996, while he was driving his 1984 Ford pickup truck. Smith contends that the 1984 truck should be covered because it was a replacement vehicle "acquired" during the policy period. We disagree and conclude that the 1984 truck was "acquired" prior to the date the policy was issued. We therefore need not consider: (1) whether the truck was a replacement vehicle; (2) whether Smith had a duty to notify Meridian that the truck was a replacement vehicle; and (3) whether Smith's actions were reasonable and not an attempt to circumvent the insurance contract. We affirm.

## BACKGROUND

On March 7, 1996, in Fort Atkinson, Smith purchased a 1984 Ford pickup truck from David Blank for one hundred dollars. After purchasing the truck, Smith drove it to his farm.

Smith later applied to Meridian for automobile insurance on his 1981 Ford pickup truck and his 1991 Plymouth Acclaim, but not his 1984 Ford pickup truck. Smith testified that he did not request coverage on his 1984 truck because he had "no intentions of driving [it]." Shortly thereafter, Smith received an auto insurance policy in the mail.

After obtaining the policy, Smith noticed that a rear spring on his 1981 truck was broken, making it unsafe to drive. Rather than fixing the spring on the 1981 truck, Smith decided to repair the 1984 truck, which was leaking a substantial amount of oil but otherwise was in better condition. Smith stated that he made the necessary repairs in July 1996, which

involved installing a muffler and cleaning the vent cap on the valve cover to reduce the oil leak.

On August 7, 1996, while driving the 1984 truck, Smith accidentally struck and killed Melanie Brown. On the morning after the accident, Smith called Meridian to report the accident and to request that his 1984 truck be included under his auto insurance policy. Meridian denied coverage, because the 1984 pickup truck was not covered under the policy at the time of accident.

The critical language in Smith's policy reads as follows:

J. "Your covered auto" means:

1. Any vehicle shown in the Declarations
2. Any of the following types of vehicles on the date you become the owner:

   a. a private passenger auto; or
   b. pickup or van [ ]
   . . . .

This provision (J.2) applied only if:

   a. you acquire the vehicle during the policy period;
   b. you ask us to insure it within 30 days after you become the owner; and
   c. with respect to a pickup or van, no other insurance policy provides coverage for that vehicle.

If the vehicle you acquire replaces one shown in the Declarations, it will have the same coverage as the vehicle it replaced.

762

> You must ask us to insure a replacement vehicle within 30 days only if you wish to add or continue Coverage for Damage to Your Auto.

Meridian filed suit and then moved for summary judgment, seeking a declaration that Smith's policy did not cover damage claims arising out of the accident. The trial court granted summary judgment in favor of Meridian after concluding that the 1984 truck was not "acquired" during the policy period. Smith appeals.

### DISCUSSION

While Smith raises several issues on appeal, we are satisfied that the dispositive issue is whether he "acquired" the 1984 Ford pickup truck during the policy period. The interpretation of an insurance policy presents a question of law that we review independently of the trial court. *See Smith v. Atlantic Mut. Ins. Co.*, 155 Wis. 2d 808, 810, 456 N.W.2d 597, 598 (1990).

Smith argues that the policy language "acquire a vehicle" should be narrowly interpreted to mean "acquire an operable vehicle." He relies on *State Farm Mut. Auto. Ins. Co. v. Rechek*, 125 Wis. 2d 7, 370 N.W.2d 787 (Ct. App. 1985). In *Rechek*, we held that "a vehicle may reach such a condition that it is no longer considered an automobile designed for use on the public highways." *Id.* at 11, 370 N.W.2d at 790.

Curtis Rechek was involved in an automobile accident. At the time of the accident, he was living at home with his parents. His father had an auto insurance policy with General Casualty, which extended coverage to relatives of the household provided that the relatives did not own a "private passenger automobile." *Id.* at 8, 370 N.W.2d at 788. General Casualty denied coverage

in this case, because Curtis personally owned two cars at the time of the accident. At trial, the court concluded that while Curtis owned these two vehicles, they were in such an inoperable state that they could no longer be considered automobiles within the contemplated provisions of the policy.[1]

On appeal, we affirmed the trial court's findings and adopted the majority rule that a vehicle may reach such a condition of disrepair that it no longer can be considered an automobile. *Id.* at 11, 370 N.W.2d at 790. We also quoted the following factors to examine when determining whether a vehicle no longer qualifies as an automobile: (1) the degree of disrepair; (2) the intent of the owner; and (3) whether the inoperable condition is temporary. *Id.* (quoting *Quick v. Michigan Millers Mut. Ins. Co.*, 250 N.E.2d 819, 821 (Ill. App. 1969)).

Smith alleges that when he purchased the 1984 truck it was inoperable and in need of major repairs, and under *Rechek*, an automobile is not "acquired" before it is operable and usable on the public highways. *See Rechek*, 125 Wis. 2d at 11, 370 N.W.2d at 790. Smith also states that he intended to store the truck on

---

[1] The first of the two cars was a 1969 Dodge, which Curtis had purchased in March 1974. *State Farm Mut. Auto. Ins. Co. v. Rechek*, 125 Wis. 2d 7, 12, 370 N.W.2d 784, 790 (Ct. App. 1985). He drove that car until he struck a deer, which caused extensive damage to the frame and motor. He decided that it would cost too much to repair, so he sold the engine and let the car sit until it was later sold. *Id.* The second car was a 1968 Plymouth that Curtis drove for about six weeks. He stopped driving it because he could not get it started in cold weather. He decided that the cost of repairing the car would greatly exceed the car's value, so he decided to stop driving it as well. *Id.* at 13, 370 N.W.2d at 790.

his farm and scavenge parts from it for the 1981 pickup truck. He never intended to repair or operate it. It was only when the 1981 truck became inoperable, and he was forced to find a replacement, that his intent changed. He decided that it would be less expensive to repair the 1984 truck than it would be to repair the 1981 truck, so he made the necessary repairs. Smith argues that the 1984 truck should be covered under the policy because it did not become "operable" until he made the necessary repairs during the policy period.

■ Smith overlooks one undisputed fact. When he purchased and took possession of the truck on March 7, 1996, he drove it home on public roads. The intended use or condition of the truck once he got it home does not control our analysis. At the time of his purchase, he acquired an operational vehicle. The clear and unambiguous language of the policy requires that the vehicle be acquired during the policy period. We may not modify clear and unambiguous language when construing an insurance policy. *Rechek*, 125 Wis. 2d at 9, 370 N.W.2d at 789. Therefore, because the 1984 truck was acquired thirteen days before the policy period began, it is not covered under Smith's policy with Meridian. Accordingly, we affirm.

*By the Court.*—Order affirmed